[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13510
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00151-HES-JRK-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEROY ROBINSON, II,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 24, 2018)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

A jury found Leroy Robinson, II, guilty of one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349, and three counts of wire fraud, 18 U.S.C. § 1343, stemming from his involvement in a scheme to defraud the United States Department of Agriculture's Supplemental Nutrition Assistance Program (formerly the Food Stamp Program). The district court sentenced him to 78 months' imprisonment. On appeal, Mr. Robinson contends that his sentence is substantively unreasonable. After careful review, we affirm.

We review a sentence for reasonableness under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007). Mr. Robinson bears the burden to show that his sentence is unreasonable. *See United States v. Sanchez*, 586 F.3d 918, 935 (11th Cir. 2009). An abuse of discretion may be shown when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). Because our review is deferential, we will only vacate the sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment." *Id.* Mr. Robinson has not convinced us that his sentence is unreasonable.

2

First, his sentence of 78-months falls in the middle of his advisory guideline range of 70 to 87 months. "Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the [g]uidelines range to be reasonable.'" *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)).[1]

Second, although Mr. Robinson contends that the district court failed to consider his lack of criminal history, strong family background, and record of community service, we "do not reweigh relevant factors . . . unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). Of note, despite the absence of criminal charges, the USDA had previously prohibited Mr. Robinson from owning a business that received SNAP benefits due to prior abuse. In light of Mr. Robinson's past conduct and the instant convictions for defrauding the SNAP benefit program, the district court did not err in weighing the § 3553(a) factors in

---

[1] Mr. Robinson notes that the district court did not explain how it balanced the § 3553(a) factors at his sentencing. The district court did, however, explain that it had taken into account the arguments presented at sentencing and evidence at trial and that it considered the § 3553(a) factors. This is sufficient here because "[i]n general, the district court is not required 'to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.'" *Sanchez*, 586 F.3d at 936 (quoting *United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir.2005)).

this case.  *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.") (alterations adopted).  *See also United States v. Martinez-Gonzalez*, 663 F.3d 1305, 1311–12 (11th Cir. 2011) (affirming the substantive reasonableness of the sentence imposed despite argument that the defendant's family would "face financial hardship").

Mr. Robinson asserts that the district court failed to avoid unwarranted sentencing disparities when compared to the sentences of his codefendants.  *See* 18 U.S.C. § 3553(a)(6).  In particular, he argues that his sentence is disparate from Lakeya Creech, the owner of the SNAP-authorized retailer who received a sentence of 15 months' imprisonment for her part in the scheme.  His argument, "however, fails to appreciate that there can be no 'unwarranted' sentencing disparities among codefendants who are not similarly situated."  *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015).  Mr. Robinson and Ms. Creech (or any of the other codefendants) are not similarly situated.  Ms. Creech pled guilty, while Mr. Robinson went to trial.  At trial, Mr. Robinson committed perjury while testifying, meriting a two-level increase in his base offense level for obstruction of

justice.[2]  *See* U.S.S.G. § 3C1.1.  And, he was considered an organizer of the criminal activity, meriting an additional four-level increase.  *See* § 3B1.1(a). Taken together, these differences resulted in a higher advisory guideline range for Mr. Robinson and the difference between his sentence and those of his codefendants was warranted.  *See Azmat*, 805 F.3d at 1048 (no unwarranted sentence disparity where "codefendants accepted responsibility for their crimes, pled guilty to offenses that carried lower penalties, and cooperated with the prosecution"); *Langston*, 590 F.3d at 1237 ("[T]here is no unwarranted disparity when a cooperating defendant pleads guilty and receives a lesser sentence than a defendant who proceeds to trial.").

For the foregoing reasons, Mr. Robinson's sentence is not substantively unreasonable.  We affirm.

**AFFIRMED**.

---

[2] Mr. Robinson did not appeal the procedural reasonableness of his sentence or the application of the obstruction of justice enhancement.